FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN -7  A 11: 30

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **NATIONAL ELECTRICAL BENEFIT FUND, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | **Case No.: GJH-15-1698** |
| v. | * | |
| | * | |
| **COASTAL ELECTRIC & ENVIRONMENTAL SERVICES, INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

### MEMORANDUM OPINION

Pending before the Court is National Electrical Benefit Fund's ("NEBF") and National Electrical Annuity Plan's ("NEAP") (collectively, "Plaintiffs") Motion for Default Judgment against Coastal Electric & Environmental Services, Inc. ("Coastal"). ECF No. 9. NEBF seeks $11,416.37, which includes "delinquent contributions in the amount of $5,629.74; interest in the amount of $1,564.70; liquidated damages in the amount of $1,125.95; audit fees in the amount of $292.41; and attorney's fees and costs in the amount of $2,803.57, plus any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; and interest on all amounts awarded." ECF No. 9 ¶ 9. NEAP seeks $45,226.23, which includes "delinquent contributions in the amount of $28,960.28; interest in the amount of $7,670.32; liquidated damages in the amount of $5,792.06; and attorney's fees and costs in the amount of $2,803.57, plus any additional fees and costs incurred by [NEAP] in connection with the enforcement of a judgment; and interest on all amounts awarded." ECF No. 9 ¶ 10. Additionally, Plaintiffs both seek an order requiring Coastal to "submit its required payroll reporting forms for the period

November 2013 forward, or that it submit to an audit of its books and records, and that it tender any amounts determined to be due." ECF No. 9 ¶ 11. Coastal has not filed a response and the deadline for a response elapsed on December 31, 2015. ECF No. 8-1.[1] A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Plaintiffs' Motion for Default Judgment is GRANTED, in part, and DENIED, in part.

## I.   BACKGROUND

Plaintiff NEBF is a multiemployer "employee pension benefit plan," as defined by 29 U.S.C. § 1002(2), established pursuant to an agreement between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 4 ¶ 3. Plaintiff NEAP is a multiemployer "employee benefit plan" and "defined contribution plan," as defined by 29 U.S.C. § 1002, established pursuant to an agreement between the IBEW and the NECA. ECF No. 4 ¶ 4; *see* 29 U.S.C. § 1002(2); 29 U.S.C. § 1002(34).

Defendant Coastal is an "employer," as that term is defined by 29 U.S.C. § 1002(5), contracted to submit contributions to NEBF and NEAP. ECF No. 4 ¶ 6. Pursuant to the collective bargaining agreements ("Bargaining Agreements") with IBEW Local Unions 70, 98, and 304, Coastal was obligated to submit contributions to the NEBF and NEAP on behalf of Coastal's employees covered by the Bargaining Agreements.[2] ECF No. 4 ¶¶ 8–9. Coastal also agreed to Restated Employees Benefit Agreement and Trust contracts ("Trust Agreements") with both

---

[1] Federal Rule of Civil Procedure ("Rule") 12 requires a defendant to answer twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). However, when service is made by mail pursuant to Rule 5(b)(2)(C), three days are added to the deadline. Fed. R. Civ. P. 6(d). Here, the Summons and Complaint were served via First Class mail on December 7, 2015, resulting in Coastal having until December 31, 2015 to respond. ECF No. 8-1.

[2] The Bargaining Agreement with IBEW Local Union 98 did not apply to NEAP. ECF No. 4 ¶ 9.

NEBF and NEAP, and is bound to the terms and conditions of the Trust Agreements. ECF No. 4
¶¶ 13, 25.

Coastal failed to pay NEBF $2,759.38 for work performed by Coastal's employees who
were covered by IBEW Local Union 98 from January 2013 to October 2013. ECF No. 4 ¶ 16.
Coastal also failed to pay NEBF $2,870.36 for work performed by Coastal's employees who
were covered by IBEW Local Union 304 from September 2013 to October 2013. ECF No. 4 ¶
17. NEBF is unable to determine whether Coastal failed to make payments from January 2014 to
the present because Coastal has not submitted monthly payroll reporting forms for this period.
ECF No. 4 ¶ 21.

Similarly, Coastal failed to pay NEAP $5,040.52 for work performed by Coastal's
employees who were covered by IBEW Local Union 70 from May 2013 to June 2013. ECF No.
4 ¶ 28. Coastal also failed to pay NEAP $23,919.76 for work performed by Coastal's employees
who were covered by IBEW Local Union 304 from September 2013 to October 2013. ECF No. 4
¶ 29. NEAP is unable to determine whether Coastal failed to make payments from January 2014
to the present because Coastal has not submitted monthly payroll reporting forms for this period.
ECF No. 4 ¶ 32.

The NEBF Trust Agreement authorizes NEBF's Trustees to recover "interest on the
delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an
amount equal to twenty percent (20%) of the delinquency, and all costs, including attorney's fees
and expenses and audit costs, incurred in collecting the delinquency." ECF No. 4 ¶ 23. The
NEAP Trust Agreement authorizes NEAP's Trustees to do the same. ECF No. 4 ¶ 26.

On September 21, 2015, Plaintiffs filed their Amended Complaint under the Employee
Retirement Income Security Act of 1974, as amended, ("ERISA") to collect delinquent

contributions owed to Plaintiffs by Coastal. ECF No. 4. Although the Court's docket reflects that the Summons was not returned executed until January 14, 2016, *see* ECF No. 7, the Affidavit in Support of Entry of Default indicates that the Summons was served on December 7, 2015, which means Coastal's answer was due on December 31, 2015. ECF No. 8-1. Coastal failed to answer the Complaint, and the Clerk filed an Entry of Default on January 14, 2016. ECF No. 8.

In support of their Motion for Default Judgment, Plaintiffs have provided the following: Affidavit in Support of Entry of Judgment and Demand for Attorneys' Fees (ECF No. 9-1); an invoice for service of process (ECF No. 9-2); Affidavit of Amount Due National Electrical Benefit Fund (ECF No. 9-3); the portion of the NEBF Trust Agreement that describes the Collective Bargaining Agreement (ECF No. 9-4); Affidavit of Amount Due National Electrical Annuity Plan (ECF No. 9-5); and, the portion of the NEAP Trust Agreement that describes the Collective Bargaining Agreement (ECF No. 9-6).

## II.    DISCUSSION

Under Rule 55(a), the Clerk must enter a party's default upon "a showing that a party against whom judgment is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Clerk may enter a default judgment against a defendant who is "neither a minor nor an incompetent person" if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). After the Clerk has entered a default, the Plaintiffs may seek a default judgment. *See* Fed. R. Civ. P. 55(b); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011). The Fourth Circuit has a strong policy that cases be decided on the merits, but "default judgment is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (citation and quotation marks omitted). Whether a plaintiff is entitled to entry of a default judgment is left to the discretion of the Court. *Choice*

4

*Hotels Int'l v. Savannah Shakti Corp.*, DKC-11-0438, 2011 U.S. Dist. LEXIS 123162, at \*2 (D. Md. Oct. 25, 2011).

In considering a motion for default judgment, the Court "takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages." *Choice Hotels Int'l, Inc. v. Vishal, Inc.*, No. PWG-13-2078, 2014 U.S. Dist. LEXIS 160347, at \* 6 (D. Md. Nov. 14, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). "If the Court finds that 'liability is established, it must then determine the appropriate amount of damages.'" *Id.* at \*7. Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, Plaintiffs seek damages based on Coastal being delinquent under 29 U.S.C. § 1145. Under 29 U.S.C. § 1145, Coastal is obligated to make contributions to NEBF and NEAP in accordance with the terms and conditions of the Bargaining Agreements. 29 U.S.C. § 1145 (2012) ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). When an employer fails to make the obligated contributions, a fiduciary of a multiemployer plan may enforce the provisions of ERISA and the terms of the Bargaining Agreements through a civil action. 29 U.S.C. § 1132(a)(3) ("A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan . . . ."). In any action by a fiduciary on behalf of a plan to enforce 29 U.S.C. § 1145 in which a judgment in favor of the plan is awarded, the Court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

    (i)     interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Accepting as true Plaintiffs' well-pleaded allegations and supporting documents, the Court finds that Plaintiffs have proven that Coastal was legally and contractually obligated to make contributions to Plaintiffs and that Coastal failed to do so.

NEBF is seeking "delinquent contributions in the amount of $5,629.74; interest in the amount of $1,564.70; liquidated damages in the amount of $1,125.95; audit fees in the amount of $292.41; and attorney's fees and costs in the amount of $2,803.57,[3] plus any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; and interest on all amounts awarded." ECF No. 9 ¶ 9. NEAP is seeking "delinquent contributions in the amount of $28,960.28; interest in the amount of $7,670.32; liquidated damages in the amount of $5,792.06; and attorney's fees and costs in the amount of $2,803.57, plus any additional fees and costs incurred by [NEAP] in connection with the enforcement of a judgment; and interest on all amounts awarded." ECF No. 9 ¶ 10.

The Court finds that the legal fees are consistent with the Court's guidelines in the Local Rules and adequately supported by an affidavit from counsel.[4] However, Plaintiffs' request for liquidated damages will be denied. Under 29 U.S.C. § 1132(g)(2), the Court shall award the

---

[3] For each Plaintiff, the total includes $2,428.80 due to Jennifer Bush Hawkins at a rate of $368 per hour, a $200.00 filing fee, a $24.77 postage fee, and a $175.00 fee for process server. ECF No. 9-1.

[4] In the Complaint, the interest was lower and the attorney's fees were unspecified, but the Court finds that this is reasonable given the passage of time and additional work.

greater of interest on unpaid contributions *or* liquidated damages. 29 U.S.C. § 1145(g)(2). Based on calculations provided by the Plaintiffs, the interest on the unpaid contributions is greater than the liquidated damages. Accordingly, the Court will order the payment of interest instead of liquidated damages.

Plaintiffs also seek an order requiring Coastal to submit its payroll reporting forms for January 2014 to the present.[5] ECF No. 4 at 8–9. Because Coastal is obligated to submit payroll reports, ECF No. 9-6 at 2, and ERISA authorizes the Court to provide for equitable relief such as auditing, *Int'l Painters & Allied Trades Indus. Pension Fund v. H.C. Ackerman & Son, Inc.*, No. JKB-11-2117, 2012 U.S. Dist. LEXIS 8628, at *11 (D. Md. Jan. 24, 2012) (citing *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002), the Court GRANTS Plaintiffs' request and orders Coastal to submit its payroll reports covered by the Trust Agreements with NEAP and NEBF.

## III.   CONCLUSION

For the reasons discussed, Plaintiffs' Motion for Default Judgment (ECF No. 9) is GRANTED, in part, and DENIED, in part. Defendant is ORDERED to pay NEBF: $5,629.74 in delinquent contributions; interest in the amount of $1,564.70; attorney's fees and costs in the amount of $2,803.57; audit fees in the amount of $292.41; and, any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; interest on all amounts awarded; and, post-judgment interest until paid. Defendant is ORDERED to pay NEAP: $28,960.28 in delinquent contributions; interest in the amount of $7,670.32; attorney's fees and costs in the amount of $2,803.57; and, any additional fees and costs incurred by NEBF in

---

[5] Although Plaintiffs request that the Court order Coastal to submit payroll reports from November 2013 to the present, see ECF No. 9 ¶ 11, the Court will adopt the time period requested in the Amended Complaint in accordance with Federal Rule of Civil Procedure 54(c). Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

connection with the enforcement of a judgment; interest on all amounts awarded; and, post-judgment interest until paid. Coastal is ORDERED to submit its payroll reports covered by the Trust Agreements with NEAP and NEBF. A separate Order follows.

Date: June 7, 2016

GEORGE J. HAZEL
United States District Judge