IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-15-1698 |
| COASTAL ELECTRIC & ENVIRONMENTAL SERVICES, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is National Electrical Benefit Fund's ("NEBF") and National Electrical Annuity Plan's ("NEAP") (collectively, "Plaintiffs"), Motion to Amend Judgment, ECF No. 13. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion is granted.

In its Memorandum Opinion regarding Plaintiffs' Motion for Default Judgment, this Court found Defendant Coastal Electric & Environmental Services, Inc. liable for its failure to submit contributions to NEBF and NEAP that it was "legally and contractually obligated to make." *Nat'l Elec. Benefit Fund v. Coastal Elec. & Envtl. Servs., Inc.*, No. GJH-15-1698, 2016 WL 3221523, at *3 (D. Md. June 7, 2016).

Plaintiff NEBF was therefore awarded, in relevant part, "$5,629.74 in delinquent contributions; interest in the amount of $1,564.70; attorney's fees and costs in the amount of $2,803.57; audit fees in the amount of $292.41; and, any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment; interest on all amounts awarded; and,

post-judgment interest until paid." *Id.* at 4. Similarly, Plaintiff NEAP was awarded, in relevant part, "$28,960.28 in delinquent contributions; interest in the amount of $7,670.32; attorney's fees and costs in the amount of $2,803.57; and, any additional fees and costs incurred by [NEAP] in connection with the enforcement of a judgment; interest on all amounts awarded; and, post-judgment interest until paid." *Id.* Now, in their Motion to Amend Judgment, Plaintiffs request additional awards of liquidated damages in the amount of $1,125.95 for NEBF and $5,792.06 for NEAP. ECF No. 13 ¶ 8.

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. The Fourth Circuit has recognized three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Plaintiffs claim here that the Court previously made an error of law. Plaintiffs are correct.

In an action to enforce the payment of delinquent contributions under ERISA, 29 U.S.C. § 1132(g), a successful Plaintiff shall be awarded:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of—

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount

        not in excess of 20 percent (or such higher percentage as may be

>   permitted under Federal or State law) of the amount determined by
>   the court under subparagraph (A),
>
>   (D) reasonable attorney's fees and costs of the action, to be paid by the
>   defendant, and
>
>   (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Generally speaking, the first two categories of relief are similar to damages awarded in a breach of contract case, which seek to put the injured party in "as good a position as he would have been in had the contract been performed," by awarding the Plaintiff unpaid contributions and any interest that would have accrued on them. Restatement (Second) of Contracts § 344 cmt. a (Am. Law Inst. 1981). The third category seeks to deter the Defendant from making delinquent contributions in the future by ordering an *additional* award of either the interest on the unpaid contributions or liquidated damages not in excess of 20 percent, whichever amount is greater. *See Vernau v. Bowen Enterprises, Inc.*, 648 F. Supp. 721, 724–25 (W.D. Pa. 1986)(noting both the deterrent purpose of the provision and that the elements are "phrased in the disjunctive."). In its prior opinion, the Court conflated the categories of relief, awarding Plaintiffs only enough to put them in as good a position as they would have been in had the Defendant paid its required contributions, but failed to award the third category of additional, deterrent relief.

Plaintiffs are therefore correct that they are owed additional damages. In both their Motion to Amend Judgment and their Amended Complaint, Plaintiffs request $1,125.95 in liquidated damages for NEBF and $5,792.06 in liquidated damages for NEAP. ECF No. 4 ¶ 34; ECF No. 13 ¶ 8. The Court notes that this is less than they would be entitled to under ERISA since the amounts of interest on the unpaid contributions for NEBF and NEAP, $1,329.90 and

$6,474.80 respectively, are greater than the amounts of liquidated damages, $1,125.95 and $5,792.06, owed to each fund. 29 U.S.C. § 1132(g)(2)(C). The Court assumes that Plaintiffs are requesting the lesser amounts under the belief that they were limited by the language in their trust agreements. The NEBF and NEAP trust agreements both discuss a liquidated damages award of "up to twenty percent (20%) of the amount found to be delinquent," ECF No. 9-4 at 2; ECF No. 9-6 at 2,[1] but neither agreement references an alternate award of additional interest. The Court will not opine on whether the contracts could limit recovery otherwise available under ERISA, but notes that the Court is limited in the amount of damages it may award in a default judgment by Rule 54(c). Under that rule, the award may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Thus, since Plaintiffs only sought liquidated damages in the amount of $1,125.95 for NEBF and $5,792.06 for NEAP in their Amended Complaint, they would not be entitled to receive an award that would exceed that amount. ECF No. 4 ¶ 34.

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion to Amend Judgment, ECF No. 13, is **GRANTED**.

The Order, ECF No. 12, is thus modified to include an additional award of liquidated damages in the amount of $1,125.95 for NEBF and $5,792.06 for NEAP.

Date: October 18, 2016

GEORGE J. HAZEL
United States District Judge

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.